LEO MASTERS AND BARBARA MASTERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Masters v. Commissioner
Docket No. 29831-82.
United States Tax Court
T.C. Memo 1986-179; 1986 Tax Ct. Memo LEXIS 429; 51 T.C.M. (CCH) 961; T.C.M. (RIA) 86179; April 30, 1986. Leo Masters and Barbara Masters, pro se. Gloria Gooding, for *430 the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7456 of the Code and Rules 180 and 183. [1] The Court agrees with and adopts her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: Respondent determined deficiencies in petitioners' Federal income taxes as follows: Additions to Tax
Petitioner
Year
Tax
§ 6651(a)
§ 6653(a)
§ 6654(a)
Leo Masters
1979
$6,149.73
$1,461.18
307.49
242.27
1980
8,632.56
2,157.89
431.63
552.40
Barbara Masters
1979
1,657.00
200.25
82.85
24.65
Petitioners timely filed their petition for a redetermination to this Court, at which time they resided at Bellflower, California. The petition alleged as follows: A. The determination of deficiency set forth in said notice is based on an arbitrary assumption. B. No consideration or allowance was given *431 for legitimate and proper deductions. C. Penalties were arbitrarily and erroneously asserted. D. The Statutory Notice of Deficiency was issued with lack of Due Process. E. Petitioners' questions on important issues of law and fact, submitted in writing prior to the issuance of this Statutory Notice of Deficiency remain unanswered. Until these unanswered questions of law are resolved by appropriate due process of law, Petitioners would be forced to waive important rights to either prosecute or defend the Commissioner's allegations of deficiency. F. The inclusion of the wife in the determination of the deficiency based on the alleged income of the spouse goes outside the law and contrary to the equal protection clause of the United States Constitution. 5. The facts upon which Petitioners rely are as follows: A. That the determination of the gross income and allocation was based on the arbitrary assumption of an agent of the Commissioner of the Internal Revenue, without verification or basis, that it was Petitioners' actual income and upon the erroneous assumption that Petitioners did not file a return. B. That the Delinquency Penalty, Section 6651(a) is arbitrarily *432 asserted on the erroneous assumption Petitioner did not file a return. C. That the Negligence Penalty, Section 6653(a) was asserted arbitrarily and without basis. D. That the Estimated Tax Penalty, Section 6654(a) was asserted arbitrarily and without basis. E. That no expenses or exemptions were allowed by respondents of known expenses or exemptions. F. The wife does not have control of the books and records of the spouse needed to prove this deficiency wrong. If they lived in a non-community property state the wife would have immunity from an assessment based on the spouse's wages. Respondent's determinations were based upon a failure to file returns and to report income from wages as follows: Leo Masters
1979
$26,507
1980
32,524
Barbara Masters
1979
12,219
Petitioners' argument, in their trial memoranda and at the hearing herein, is that the compensation they received for their services was income for purposes of social security taxes, but not for purposes of income tax. Petitioners, of course, are completely wrong and we believe that they knew at the time of trial that they were wrong. We addressed this argument, inter alia, in Rowlee v. Commissioner,80 T.C. 1111 (1983), *433 an opinion admittedly read by petitioners prior to the trial. In Rowlee we held that compensation for services is income for purposes of section 61. Petitioners bear the burden of proving that respondent's determinations of deficiency are incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioners were advised that they bore this burden and were asked by the Court, "Do you have anything that can show that the amounts of income shown thereon are incorrect, or that you were not allowed deductions, exemptions and credits which you should have been allowed?" Petitioners, however, refused to proceed further. [2] Accordingly, we hold that petitioners are liable for the tax and additions to tax shown on the statutory notices of deficiency. They failed to file Federal income tax returns for the years in question. They received wages which they failed to report. *434 We now consider respondent's motion for the imposition of damages pursuant to section 6673. Petitioners were given ample warning that damages would be imposed if they persisted in arguing that the compensation they received for their services did not constitute an item of income within the meaning of section 61. Nevertheless, they persisted in their contentions despite being told that the courts had consistently ruled against them. Barbara Masters, in particular, had previously raised the same argument before this Court in regard to her 1981 income taxes. She was told then that compensation for labor did in fact constitute gross income. When she refused to go forward with her case it was dismissed for her failure properly to prosecute and her failure to provide evidence, and damages of $2,000 were awarded to the United States. Masters v. Commissioner,T.C. Memo. 1985-116, on appeal (9th Cir., June 7, 1985). We find that in the case at bar petitioners have maintained a frivolous and groundless position and we find that they have done this primarily for purposes of delay. Accordingly, we award damages to the United States in the amount of $5,000. We have *435 taken considerable pains in this matter to fully advise petitioners, who are laypersons, of the state of the law. There is a point, however, where it becomes impossible to dissuade petitioners from their folly. This is such a case. We think it advisable to repeat herein the admonition contained in the opinion regarding Barbara Master's 1981 year: Indeed, the Court hopes that it is by now apparent to petitioner that those persons advising her as to her course of action before this Court and who assisted her in the preparation of the various frivolous papers she has filed with the Court, could not have been working towards her best interests but, rather, toward their own private agenda. Decision will be entered for the respondent.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated, and all Rule references are to the Court's Rules of Practice and Procedure.↩
2. Respondent placed into evidence proof of receipt of wages by petitioners as follows: Barbara Masters - 1979
T. Hart Baker, M.D.
$12,219.42
Barbara Masters - 1980
T. Hart Baker, M.D.
$ 9,343.09
Leo Masters - 1979
American Bridge Division
$ 194.32
Kaiser Steel Corp.
3,288.64
Chicago Bridge & Iron Co.
166.81
Westeel Constructors, Inc.
4,703.74
Catalytic, Inc.
3,134.46
Grunau Company, Inc.
890.88
Jesco, Inc.
3,411.73
Cyprus Spec Steel Co.
8,310.24
Western Petro-Chem Service, Inc.
2,990.24
Leo Masters - 1980
Catalytic, Inc.
$ 6,722.17
Pittsburg-Des Moines Corp.
5,374.56
B & W Construction Co.
4,001.08
Western Petro-Chem
4,199.12
Gatx Tank Erection Corp.
1,634.56
Oil Field Construction Co.
539.00
Oil Field Construction Co.
1,954.09
Barbara Masters' 1980 year is not before the Court and we have not considered this item. The total wages received by Leo Masters as indicated from respondent's exhibits totals $27,091.06 and the statutory notice indicates only $26,507 in unreported income. Respondent did not move to amend his answer and we therefore consider only the amount contained in the statutory notice. In regard to Leo Master's 1980 year, respondent's exhibits total $24,424.58 while the statutory notice indicates $32,524 in unreported income. Petitioners, however, chose not to contest the amounts shown on the notice of deficiency. Since they failed to prove, or even argue, that the statutory notice was incorrect, we hold Leo received $32,524 in unreported income for 1980.↩